

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 25, 1957

Honorable Sam Lee
District Attorney
Brazoria County
Angleton, Texas

Opinion No. WW-176

Re: Does the Retrieve State
Farm, a unit of the Texas
Prison System, have the
authority to run a fence
across Buffalo Camp Bayou
at a point entirely within
the prison owned property?

Dear Sir:

     In your letter dated May 24, 1957, requesting
our opinion, you ask the following question and stated
in part the following facts:

     "The question is: Does the Retrieve
State Farm, a unit of the Texas Prison
System, have the authority to run a fence
across Buffalo Camp Bayou at a point en-
tirely within the prison owned property?

     "The prison system owns the land on
both sides of the Buffalo Camp Bayou. Buffa-
lot Camp Bayou empties into the Brazos River
and from its mouth to the point of the fence
is more than 30 feet in width.

     "Neither the S.F. Austin nor the Jared E.
Groce Original Grants make any mention of
Buffalo Camp Bayou, and, therefore, do not
except Buffalo Camp Bayou from the original
grants. The deed from the owners who con-
veyed the property, now known as Retrieve
State Farm, to the State of Texas on the
1st day of February, 1918, does not mention

> Buffalo Camp Bayou nor except it from
> that conveyance.
>
> "Therefore, the State did not reserve
> any record title to Buffalo Camp Bayou.
> However, the Congress of the Republic of
> Texas, in 1837, enacted a statute stating
> in part as follows:  'All streams so far
> as they retain an average width of 30 feet
> from the mouth up shall be considered navi-
> gable streams within the meaning hereof
> and they shall not be crossed by the lines
> of any survey.'
>
> "This statute is carried forward as
> Article 5302 of the Revised Civil Statutes
> of Texas."

Navigable streams within this State are beyond question the highways of the State and subject to the exclusive control of the Legislature and may either be wholly or partially obstructed if in the Legislature's judgment the public interest will be promoted by so doing. Felman v. Wolfe, 27 Tex. 68 (1863). We have been unable to find any legislative enactment which would authorize the Texas Prison System to obstruct a navigable stream.

As cited in the statement of facts contained in your letter, Article 5302, V.C.S., defines a navigable stream within this State as a stream with an average width from the mouth up of thirty feet. Assuming for the purposes of this opinion, that the bed of Buffalo Camp Bayou has been relinquished by the Legislature under the authority of Article 5414a, V.C.S., popularly known as the "Small Act", the right to the water within the stream was not affected. This statute contains the following provisions:

> "Provided that nothing in this act
> contained shall impair the rights of the
> general public and the State in the
> waters of streams or the rights of ri-
> parian or appropriation owners in the
> waters of such streams."

Therefore, it is our opinion that the "Small Act" did not provide legislative authority for the owners of beds of navigable streams to obstruct the same nor to exclude the general public therefrom.

In Tyler v. Gonzales, 189 S.W.2d 519 (Civil Appeals, 1945, writ ref.), the court held that a landowner (the land was assumed by the court to come under the "Small Act") could run a fence to the middle of a stream and then run the fence down the thread of such stream. In this case the court said, after stating there was no evidence to show the fence constituted a nuisance, "We take it therefore that appellees are not contemplating the construction of a fence which would pass to the east of the thread of the stream. The attempted construction across the bed of the stream would raise the further and additional questions which are not discussed in this opinion."

It is our opinion that the restrictive reservation in the "Small Act" reserving the rights of the general public to the waters of the streams of this State did not change the existing law relating to the obstruction of navigable streams. In addition, the use of streams for transportation has long been considered one of the primary rights of the general public to the waters of this State and is protected by Article 783, Penal Code, which provides a fine of not less than Fifty nor more than Five Hundred Dollars for whoever shall obstruct any stream in this State which is navigable in fact.

Therefore, regardless of whether the Texas Prison System owns the bed of the stream under the provisions of the "Small Act", we conclude that there is no authority by which the Prison System may maintain a fence across such stream and exclude the general public from the use of the waters of such streams for navigation, fishing or any other legal use. The Supreme Court held in Diversion Lake Club v. Heath, 126 Tex. 129, 86 S.W.2d 441 (1935) that where a dam across a navigable stream flooded land privately owned, the private owner could not deny the public the right to fish in the water over his land although the public had no right to use the banks.

On the other hand, since the general public would be entitled only to the use and enjoyment of the waters within the stream and not the dry bed thereof, we are of the opinion that the Texas Prison System could

maintain a fence across the dry bed of a stream navigable in law though not navigable in fact, so long as such a fence did not constitute a nuisance and did not interfere with any legal right the public might have in and to said streams. Tyler v. Gonzales, supra.

### SUMMARY

The Retrieve State Farm has no authority to run a fence across Buffalo Camp Bayou at a point entirely within the prison owned property, if such a fence would deprive the general public from the use and enjoyment of the waters contained therein. Such a fence could be maintained during the time there was no water in the bed of the stream so long as such a fence did not create a nuisance.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Robert O. Smith
Robert O. Smith
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman

Larry Jones
Milton Richardson
Joe G. Rollins

REVIEWED FOR THE ATTORNEY
GENERAL BY:

Geo. P. Blackburn